DANIEL MALAKAUSKAS, SBN 265903
P.O. Box 7006
Stockton, CA 95267
Tel: 866-790-2242
Fax: 888-802-2440


Attorney for PLAINTIFF:
AURORA CERVANTES


# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| AURORA CERVANTES,<br><br><br>      PLAINTIFF,<br><br><br>    v.<br><br>RICHWOOD MEAT CO., INC., dba RICHWOOD MEAT, WOOD AND SONS LP, and DOES 1-10, inclusive,<br><br>      DEFENDANTS. | Case No.:<br><br>**COMPLAINT BY PLAINTIFF, AURORA CERVANTES, AGAINST DEFENDANTS, RICHWOOD MEAT CO., INC., DBA RICHWOOD MEAT, et al., FOR DAMAGES AND INJUNCTIVE RELIEF RESULTING FROM VIOLATIONS OF: 1) TITLE III OF THE AMERICANS WITH DISABLITIES ACT OF 1990; 2) THE UNRUH CIVIL RIGHTS ACT; 3) THE CALIFORNIA DISABLED PERSONS ACT**<br><br>[42 U.S.C. §§12101-12213; Cal. Civ. Code §§51, 52, 54, 54.1, 54.2 and 54.3.] |

Comes now the Plaintiff, AURORA CERVANTES, (hereafter, "Ms. Cervantes" or "Plaintiff," through his Attorney, DANIEL MALAKAUSKAS, P.O. Box 7006, Stockton, CA 95267; Telephone: (866) 790-2242; Facsimile: (888) 802-2440; who, having been denied her civil rights, hereby respectfully alleges, avers, and complains as follows:

**THIS COURT CAN GRANT JUSTICE TO A LUPUS SUFFEROR**

1.      Ms. Cervantes was disabled by her medical conditions: 1) Systemic Lupus Erythematosus; and 2) Chronic Depression.   On, or around March 30th, 2013 Ms. Cervantes was denied the full and equal access to a public accommodations located 2751 North Santa Fe Drive, Merced, CA 95348.

2.      Ms. Cervantes now asks that this court stand up for her rights under the American with Disabilities Act, the Unruh Civil Rights Act and the California Disabled Persons Act.

**THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION, HAS JURISDICTION AND IS THE PROPER VENUE FOR PLAINTIFF TO SEEK JUSTICE**

3.      The United States District Court has original federal question jurisdiction of the action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act, 42 U.S.C. §§12101-12213.  The United States District Court has supplemental jurisdiction over all state claims, including, but not limited to, claims under the Unruh Civil Rights Act, California Civil Code §51, and, or, the California Disabled Persons Act, California Civil Code §§54-55.3, pursuant to 28 U.S.C. § 1367.

4.      Venue in this Court is proper under 28 U.S.C. §1391(b)(2) as the claims alleged herein arose in the Eastern District, specifically at the real properties located at 2751 North Santa Fe Drive, Merced, CA 95348.

5.      The Fresno Division of the Eastern District of California, is the proper intradistrict because all claims herein arose in Merced, specifically at the real properties located 2751 North Santa Fe Drive, Merced, CA 95348.

6.      In the interests of judicial efficiency, Plaintiff will and does stipulate to the Voluntary Dispute Resolution Program.  Plaintiff consents to an early Settlement Conference.

### THE VICTIM AND THOSE RESPONSIBLE

7.      Ms. Cervantes is disabled by her medical conditions: 1) Systemic Lupus Erythematosus; and 2) Chronic Depression.  Due to Ms. Cervante's multiple disabilities and medical conditions the once active and energetic Ms. Cervantes is often confined to her bed by severe back and leg pain.  Ms. Cervantes has trouble walking and has fallen multiple times due to her weak legs. Ms. Cervantes has watched her health deteriorate and now often relies upon family members to help her complete daily functions.  This has lead Ms. Cervantes to feel useless and depressed.   Ms. Cervantes is therefore a "person with a disability" and a "physically handicapped person" and has a "disability" or "medical condition" pursuant to the rules and regulations of the Americans with Disabilities Act, specifically 42 U.S.C § 12102, and California Civil Code §§51 and 54.

8.      Defendant RICHWOOD MEAT CO., INC., (Hereafter, "TENANT") is and at all times herein mentioned a tenant, who operates a business, and holds itself out to the public, and does business as "Richwood Meat" which is located at 2751 North Santa Fe Drive, Merced, CA 95348, and has substantial control over the building and parking lot and space adjacent to such building.

9.      Defendant, WOOD AND SONS LP, (Hereafter, individually or collectively "LANDLORD") was and at all times herein mentioned the owner, and manager of real properties which were located at 2751 North Santa Fe Drive, Merced, CA 95348, and has substantial control over the building and parking lots and spaces adjacent to such buildings.

Complaint by Plaintiff, AURORA CERVANTES, against Defendants, RICHWOOD MEAT CO., INC., et al.

3

10.     Defendants, TENANT, LANDLORD and DOES 1-5 owns, operates, manages, and has substantial control over the real properties, including the buildings and adjacent parking lots on such properties, located at 2751 North Santa Fe Drive, Merced, CA 95348.

11.     Defendants, DOES 6-10, are individuals, businesses, organization, or entities which entered into a contract with Defendants, TENANT, and, or, LANDLORD, and, or, DOES 1-5, as a property managers or franchisees for the real property and adjacent parking lot and as such have substantial control over the such real properties located at 2751 North Santa Fe Drive, Merced, CA 95348.

12.     The true names and capacities of the Defendants named herein as DOES 1 through 10, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names.  Plaintiff will request leave of court to amend complaint to alleged their true names and capacities at such times as they are ascertained.

13.     Plaintiff is informed and believes and thereon alleges that each of the defendants, including Does 1 through 10, caused and is responsible for the below described unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with other who did so; by authorizing, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to plaintiff's rights to equal access to public spaces; and by ratifying the unlawful conduct that occurred by agents, and officers or entities under their direction and control.

**MS. CERVANTES WAS DENIED EQUAL ACCESS TO A PUBLIC ACCOMODATION AND NOW FIGHTS FOR ALL DISABLED**

Complaint by Plaintiff, AURORA CERVANTES, against Defendants, RICHWOOD MEAT CO., INC., et al.

4

14.     Ms. Cervantes is disabled by her medical conditions: 1) Systemic Lupus Erythematosus; and 2) Chronic Depression.  Due to Ms. Cervantes' multiple disabilities and medical conditions the once active and energetic Ms. Cervantes is often confined to her bed by severe back and leg pain.  Ms. Cervantes has trouble walking and has fallen multiple times due to her weak legs. Ms. Cervantes has watched her health deteriorate and now often relies upon family members to help her complete daily functions.  This has lead Ms. Cervantes to feel useless and depressed.   Ms. Cervantes is therefore a "person with a disability" and a "physically handicapped person" and has a "disability" or "medical condition."

15.     On March 30th, 2013 Ms. Cervantes desired to go and use the services, and, or, buy products at "Richwood Meat" located at 2751 North Santa Fe Drive, Merced, CA 95348

16.     While in the parking lot adjacent to, or surrounding, "Richwood Meat", Ms. Cervantes personally encountered a number of violations and barriers to entry and access. Specifically, Ms. Cervantes experienced, personally noticed, and was adversely effected by:

17.     There is no accessible route on the real property leading from the entrance of the building to a public street, sidewalk or public transportation stop, in violation of ADAAG 4.3.2.

18.     The surface texture of ground and floor of the alleged accessible route fails to be stable, firm, and slip resistant in violation of ADAAG 4.3.6. and 4.5.1.

19.     The alleged accessible route has a change in level of greater than ½ inch and fails to have a curb ramp, ramp, elevator or platform lift in violation of ADAAG 4.3.8.

20.     The doors along the alleged designated access route fail to be accessible in violation of ADAAG 4.3.9.

21.     The ground and floor surfaces along the alleged accessible route and, or, in the accessible rooms and spaces, fails to be firm, stable, and slip resistant in violation of ADAAG 4.5.1.

22.     The parking lot fails to have the required number of designated disabled parking spaces in violation of ADAAG 4.1.2.

23.     There are no designated disabled parking spaces that are van accessible, as properly labeled, or there are not enough designated disabled parking spaces that are van accessible, as properly labeled, given the number of total parking spaces in violation of ADAAG 4.1.2(5)(b).

24.     The designated disabled parking space for vans fails to have the proper signage, below a sign showing the symbol of accessibility, stating that the space is van-accessible in violation of ADAAG 4.6.4.

25.     The door hardware requires tight grasping, tight pinching, or twisting of the wrist to operate in violation of ADAAG 4.13.9.

26.     The building or facility has a walk way which crosses or adjoins a vehicular way, and is not separated by curbs, or railings, and fails to have a continuous detectable warning, consisting of truncated domes and being 36 inches wide, in violation of ADAAG 4.29.5.

27.     The was no alleged designated van accessible parking stall as all such stalls failed to be marked by a sign stating "van accessible" in violation of California Building Code 11B-502.6.

28.     There was  no alleged disabled access parking stall, as all stalls failed to have a sign stating "Minimum Fine $250" in violation of California Building Code 11B-502.6.2.

30.     There was no sign at the entrance of parking lot, or adjacent to each parking space, a sign which stated the following: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguished placards or special license plates issues for persons with disabilities will be towed away at the owner's expense.   Towed vehicles may be reclaimed at:_____ or by telephoning_____." In violation of California Building Code 11B-502.8.2.

31.     The alleged designated disable parking aisle, if any, fails to marked with a blue painted border and fails to have the words "No Parking" inside such access aisle in violation of California Building Code 11B-502.3.3.

32.     Ms. Cervantes now brings this lawsuit to make this facility accessible for all.

## FIRST CLAIM
## VIOLATION OF TITLE III OF THE ADA
### (As to all Defendants)

33.     Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation of paragraphs 1 through 70.

34.     The parking lot and building known as the "Richwood Meat" located at 2751 North Santa Fe Drive, Merced, CA 95348, is owned, controlled, operated, leased, and managed by defendants, TENANT and LANDLORD, and DOES 1-10, or their agents.  The business, "Richwood Meat," including its parking lot, is open to the general public and as such is a "public accommodation" under 42 U.S.C. §12181 and 28 C.F.R. §36.104, and therefore, the regulations of the Americans with Disabilities Act applies to such public accommodation pursuant to 28. C.F.R. §36.104.

35.     Ms. Cervantes is disabled by her medical conditions: 1) Systemic Lupus Erythematosus; and 2) Chronic Depression.  Due to Ms. Cervante's multiple disabilities and medical conditions the once active and energetic Ms. Cervantes is often confined to her bed by severe back and leg pain.  Ms. Cervantes has trouble walking and has fallen multiple times due to her weak legs.  Ms. Cervantes has watched her health deteriorate and now often relies upon family members to help her complete daily functions.  This has lead Ms. Cervantes to feel useless and depressed.   Ms. Cervantes is therefore a "person with a disability" and a "physically handicapped person" and has a

Complaint by Plaintiff, AURORA CERVANTES, against Defendants, RICHWOOD MEAT CO., INC., et al.

7

"disability" or "medical condition" pursuant to the rules and regulations of the Americans with Disabilities Act, specifically 42 U.S.C § 12102, and California Civil Code §§51 and 54.

36.     Defendants, TENANT, LANDLORD, and DOES 1 through 10, pursuant to 28 C.F.R. §36.201(b) are responsible for ensuring that the building, and parking lot of real property 2751 North Santa Fe Drive, Merced, CA 95348, are equally accessible to, and free of barriers for, individuals with disabilities or medical conditions.  Defendants failed to ensure that such real property was equally accessible to, and free of barriers for, individuals with disabilities and medical conditions by violating the specific, but not limited to, American with Disabilities Act regulations:

37.     On March 30th, 2013, Ms. Cervantes desired to go and use the services, and, or, buy products at "Richwood Meat" located at 2751 North Santa Fe Drive, Merced, CA 95348

38.     While in the parking lot adjacent to, or surrounding,   "Richwood Meat", Ms. Cervantes personally encountered a number of violations and barriers to entry and access. Specifically, Ms. Cervantes experienced, personally noticed, and was adversely effected by:

39.     There is no accessible route on the real property leading from the entrance of the building to a public street, sidewalk or public transportation stop, in violation of ADAAG 4.3.2.

40.     The surface texture of ground and floor of the alleged accessible route fails to be stable, firm, and slip resistant in violation of ADAAG 4.3.6. and 4.5.1.

41.     The alleged accessible route has a change in level of greater than ½ inch and fails to have a curb ramp, ramp, elevator or platform lift in violation of ADAAG 4.3.8.

42.     The doors along the alleged designated access route fail to be accessible in violation of ADAAG 4.3.9.

43.     The ground and floor surfaces along the alleged accessible route and, or, in the accessible rooms and spaces, fails to be firm, stable, and slip resistant in violation of ADAAG 4.5.1.

44.     The parking lot fails to have the required number of designated disabled parking spaces in violation of ADAAG 4.1.2.

45.     There are no designated disabled parking spaces that are van accessible, as properly labeled, or there are not enough designated disabled parking spaces that are van accessible, as properly labeled, given the number of total parking spaces in violation of ADAAG 4.1.2(5)(b).

46.     The designated disabled parking space for vans fails to have the proper signage, below a sign showing the symbol of accessibility, stating that the space is van-accessible in violation of ADAAG 4.6.4.

47.     The door hardware requires tight grasping, tight pinching, or twisting of the wrist to operate in violation of ADAAG 4.13.9.

48.     The building or facility has a walk way which crosses or adjoins a vehicular way, and is not separated by curbs, or railings, and fails to have a continuous detectable warning, consisting of truncated domes and being 36 inches wide, in violation of ADAAG 4.29.5.

49.     As a direct and proximate cause of Defendants' conduct, Plaintiff, was denied on the basis of his disabilities the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation, in a manner that is equal to those afforded to other non-disabled individuals in violation of 42 U.S.C. §12181.

50.     Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants' as complained of herein which have the effect of wrongfully discriminating against Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities.  Specifically, Plaintiff seeks injunctive relief ensuring that Defendants modify their real property to ensure that disable persons are not discriminated against in receiving equal access to goods, services, and facilities as other more able bodied persons.

Complaint by Plaintiff, AURORA CERVANTES, against Defendants, RICHWOOD MEAT CO., INC., et al.

9

**SECOND CLAIM**
**VIOLATIONS OF CALIFORNIA CIVIL CODE § 51**
**(As to all Defendants)**

51.     Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation of paragraphs 1 through 70.

52.     The parking lot and building of real property, known as "Richwood Meat" located at 2751 North Santa Fe Drive, Merced, CA 95348, is owned, controlled, operated, leased, and managed by defendants, TENANT, LANDLORD and DOES 1-10, or their agents. "Richwood Meat" and the parking lot located at 2751 North Santa Fe Drive, Merced, CA 95348, is a "business establishment" and is therefore required to provide "full and equal accommodations, advantages, facilities, privileges or services..." to disabled persons, or persons with medical conditions pursuant to California Civil Code §51.

53.     Ms. Cervantes is disabled by her medical conditions: 1) Systemic Lupus Erythematosus; and 2) Chronic Depression. Due to Ms. Cervante's multiple disabilities and medical conditions the once active and energetic Ms. Cervantes is often confined to her bed by severe back and leg pain. Ms. Cervantes has trouble walking and has fallen multiple times due to her weak legs. Ms. Cervantes has watched her health deteriorate and now often relies upon family members to help her complete daily functions. This has lead Ms. Cervantes to feel useless and depressed.  Ms. Cervantes is therefore a "person with a disability" and a "physically handicapped person" and has a "disability" or "medical condition" pursuant to the rules and regulations of the Americans with Disabilities Act, specifically 42 U.S.C § 12102, and California Civil Code §§51 and 54.

54.     Defendants, TENANT, LANDLORD and DOES 1 through 10, are responsible for ensuring that the building, and parking lot of real property, 2751 North Santa Fe Drive, Merced, CA 95348, are equally accessible to, and free of barriers for, individuals with disabilities or medical

conditions.  Defendants failed to ensure that such real property was equally accessible to, and free of barriers for, individuals with disabilities and medical conditions by violating the specific, but not limited to, California Building Codes:

55.   The was no alleged designated van accessible parking stall as all such stalls failed to be marked by a sign stating "van accessible" in violation of California Building Code 11B-502.6.

56.   There was  no alleged disabled access parking stall, as all stalls failed to have a sign stating "Minimum Fine $250" in violation of California Building Code 11B-502.6.2.

57.   There was no sign at the entrance of parking lot, or adjacent to each parking space, a sign which stated the following: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguished placards or special license plates issues for persons with disabilities will be towed     away     at     the     owner's     expense.     Towed     vehicles     may     be     reclaimed at:_____  or by telephoning_____." In violation of California Building Code 11B-502.8.2.

58.   The alleged designated disable parking aisle, if any, fails to marked with a blue painted border and fails to have the words "No Parking" inside such access aisle in violation of California Building Code 11B-502.3.3.

59.   As a direct and proximate cause of Defendants' conduct, Plaintiff was denied on the basis of his disabilities the opportunity to participate in or benefit from a good, service, privilege, advantage or accommodation in a manner equal to that afforded to other non-disabled individuals in violation of California Civil Code §§51 and 52.  Plaintiff is therefore entitled to attorney fees, costs, and damages in no case less than four-thousand dollars (4,000 USD) for each and every violation.

60.   Any violation of the American with Disabilities Act, 42 U.S.C. §§12101-12213, also constitutes a violation of California Civil Code §51(f), thus independently justifying an award of

damages and injunctive relief pursuant to California law.  Per California Civil Code §51(f), "a violation of the right of any individual under the American with Disabilities Act (Public Law 101-336) also constitutes a violation of this section."

### THIRD CLAIM
### VIOLATIONS OF CALIFORNIA CIVIL CODE § 54
#### (As to all Defendants)

61.     Plaintiff hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation of paragraphs 1 through 70.

62.     The parking lot and building of real property, known as the "Richwood Meat," located at 2751 North Santa Fe Drive, Merced, CA 95348 is owned, controlled, operated, leased, and managed by defendants, TENANT, and, or, LANDLORD and DOES 1-10, or their agents. "Richwood Meat" and the parking lot located at 2751 North Santa Fe Drive, Merced, CA 95348, is a "business establishment" and is therefore required to provide "full and equal accommodations, advantages, facilities, privileges or services..." to disabled persons, or persons with medical conditions pursuant to California Civil Code §§54, 54.1, 54.2 and 54.3.

63.     Ms. Cervantes is disabled by her medical conditions: 1) Systemic Lupus Erythematosus; and 2) Chronic Depression.  Due to Ms. Cervantes' multiple disabilities and medical conditions the once active and energetic Ms. Cervantes is often confined to her bed by severe back and leg pain.  Ms. Cervantes has trouble walking and has fallen multiple times due to her weak legs. Ms. Cervantes has watched her health deteriorate and now often relies upon family members to help her complete daily functions.  This has lead Ms. Cervantes to feel useless and depressed.   Ms. Cervantes is therefore a "person with a disability" and a "physically handicapped person" and has a

"disability" or "medical condition" pursuant to the rules and regulations of the Americans with Disabilities Act, specifically 42 U.S.C § 12102, and California Civil Code §§51 and 54.

64.     Defendants, TENANT, LANDLORD and DOES 1 through 10, are responsible for ensuring that the building, and parking lot of real property, 2751 North Santa Fe Drive, Merced, CA 95348, are equally accessible to, and free of barriers for, individuals with disabilities or medical conditions.  Defendants failed to ensure that such real property was equally accessible to, and free of barriers for, individuals with disabilities and medical conditions by violating the specific, but not limited to, California Building Codes:

65.     The was no alleged designated van accessible parking stall as all such stalls failed to be marked by a sign stating "van accessible" in violation of California Building Code 11B-502.6.

66.     There was  no alleged disabled access parking stall, as all stalls failed to have a sign stating "Minimum Fine $250" in violation of California Building Code 11B-502.6.2.

67.     There was no sign at the entrance of parking lot, or adjacent to each parking space, a sign which stated the following: "Unauthorized vehicles parked in designated accessible spaces not displaying distinguished placards or special license plates issues for persons with disabilities will be towed    away    at    the    owner's    expense.    Towed    vehicles    may    be    reclaimed at:_____ or by telephoning_____." In violation of California Building Code 11B-502.8.2.

68.     The alleged designated disable parking aisle, if any, fails to marked with a blue painted border and fails to have the words "No Parking" inside such access aisle in violation of California Building Code 11B-502.3.3.

69.     As a direct and proximate cause of Defendants' conduct, Plaintiff was denied on the basis of his disabilities the opportunity to participate in or benefit from a good, service, privilege,

Complaint by Plaintiff, AURORA CERVANTES, against Defendants, RICHWOOD MEAT CO., INC., et al.

13

advantage or accommodation in a manner equal to that afforded to other non-disabled individuals in violation of California Civil Code §§54,54.1,54.2 and 54.3.  Plaintiff is therefore entitled to attorney fees, costs, and damages in no case less than one-thousand dollars (1,000 USD) for each and every violation.

70.     Any violation of the American with Disabilities Act, 42 U.S.C. §§12101-12213, also constitutes a violation of California Civil Code §51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law.  Per California Civil Code §54(c), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section."

## PRAYER

WHEREFORE, Plaintiff prays the following:

1.     Issue a preliminary and permanent injunction directing DEFENDANTS to modify its' facilities and policies as required by law to comply with the ADA and ADA regulations, including the ADAAG where required; institute policy to enable PLAINTIFF to use goods and services offered to the non-disabled public so that DEFENDANTS provide adequate access to all citizens, including persons with disabilities; issue a preliminary and permanent injunction directing DEFENDANTS to maintain its facilities usable by PLAINTIFF and similarly situated person with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

2.     Retain jurisdiction over DEFENDANTS until such time as the District Court is satisfied that DEFENDANTS' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3.      Award to PLAINTIFF all appropriate damages, including, but not limited to, statutory damages including no less than four-thousand dollars (4000 USD) for each and every violation of California Civil Code §51 and no less than one-thousand thousand dollars (1000 USD) for each and every violation of California Civil Code §54 and general damages in an amount within the jurisdiction of the District Court, according to proof;

4.      Award PLAINTIFF all litigation expenses and costs of this proceeding, and all reasonable attorney's fees as provided by law; and

5.      Grant such other and further relief as this District Court may deem just and proper.


Date: August 13th, 2014.

                                          /s/ Daniel Malakauskas
                                          By: DANIEL MALAKAUKAS
                                          Attorney for PLAINTIFF
                                          AURORA CERVANTES